IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| PETER GAKUBA,<br>    *Plaintiff*,<br><br>v.<br><br>DANTE FRANKLIN, *et al.*,<br>    *Defendants* | Case No.<br>1:23-cv-00505-ABA |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Peter Gakuba, who was originally represented by counsel and is now representing himself, has sued the Baltimore City Council, the Baltimore City Board of Estimates, and several city officials, alleging they violated his rights in connection with an application for "Emergency Rental and Security Deposit Assistance." ECF No. 1. He seeks a declaratory judgment and "[a]ctual, compensatory, and punitive damages of US$1 billion." *Id.* at 10, 15.[1] Defendants have filed a motion to dismiss. ECF No. 38 (the "Motion"). For the reasons that follow, the Motion will be granted and Mr. Gakuba's claims will be dismissed with prejudice.

**I.    BACKGROUND**[2]

Mr. Gakuba alleges that in August 2021, he applied for and was "tentatively granted $24,000 in renter's assistance by the Baltimore City 'Emergency Rental Assistance Program (ERA).'" ECF No. 1 at 2. He alleges that his "emergency renter's

---

[1] Citations to page numbers herein refer to the ECF pagination in the header of the parties' filings. Those page numbers do not necessarily align with the documents' original page numbers.
[2] At the pleadings stage, the Court must "accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016).

1

assistance application," to withdraw funds that he alleges he was granted, went through several rounds of review. *Id.* at 3-4. After calling "Baltimore's aid program," he was informed that the review process involves three stages: an initial review, a contract review, and a final review. *Id.* As part of the review process, Mr. Gakuba submitted documentation of "income proof, a Covid-19 impact statement, photo ID, 'declaration of zero income,' 'consent form,' and 'conflict of interest disclosure.'" *Id.* at 7.

When he filed this case in February 2023, although he had been informed that he had been approved for $24,000 in emergency assistance, it had not been disbursed. He sued based on that delay, in part because he was concerned that he would lose access to the grant funds because the grant money has a "sunset" clause. *Id.* at 5. Around February 2023, he had called to inquire about the status of his funds because "the web portal for Gakuba's grant money ceased accepting new applicants." *Id.* at 6. He alleges that he was informed at that time that his application remained under review. *Id.* at 7-8.

After he filed this case, the $24,000 was disbursed, on or about March 31, 2023. ECF No. 38-3 at 1.[3] But he continues to seek relief from this Court, claiming that the alleged delay violated his rights. *See* ECF No. 48 at 17 (response to motion to dismiss, contending that it is "[f]alse" that his claim is moot). And although the alleged delay with the $24,000 was the basis for his complaint, in subsequent briefing it seems Mr. Gakuba also contends that he should have received additional emergency rental assistance, beyond the $24,000 that he received. *See, e.g.*, ECF No. 48 ¶ 106 ("Biddle

---

[3] Courts may consider exhibits that are "explicitly incorporated into the complaint by reference and those attached to the complaint" when deciding a Rule 12(b)(6) motion, without converting the motion to one seeking summary judgment. *Brennan v. Deluxe Corp.*, 361 F. Supp. 3d 494, 501 (D. Md. 2019).

2

Street Inn [his landlord] was entitled to receive $78,000—not the $24,000 that occurred."). His complaint asserts causes of action based on procedural due process, equal protection, breach of contract, fraud, and fair housing law. *Id.* at 9. The City Defendants filed a motion to dismiss, ECF No. 38, and Mr. Gakuba filed a response, ECF No. 48. Mr. Gakuba also renewed a request for fee-free PACER access. ECF No. 45.

## II.   LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When a defendant asserts that, even assuming the truth of the alleged facts, the complaint fails "to state a claim upon which relief can be granted," the defendant may move to dismiss the complaint. Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The pleadings must contain sufficient factual allegations to state a facially plausible claim for relief. *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As noted above, when considering such a motion, the Court "must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *King*, 825 F.3d at 212.

## III.   ANALYSIS

Defendants argue, in their motion to dismiss, that Mr. Gakuba's complaint should be "dismissed as moot and for failure to state a claim upon which relief can be granted." ECF No. 38-1 at 2. Mr. Gakuba alleges he suffered three forms of injury: (1) failure to receive the $24,000 in emergency rental assistance that was eventually

3

disbursed after he filed this case, (2) the *delay* in receiving that assistance, and (3) failure to receive amounts *beyond* the $24,000. The Court addresses each in turn.

With respect to the first alleged injury, Mr. Gakuba's claim is moot. He concedes that the $24,000 in emergency rental assistance that he had not been issued as of the filing of his complaint was disbursed to his landlord on or about March 31, 2023. *See* ECF No. 38-3 at 1 (payment details); *see, e.g.*, ECF No. 48 ¶¶ 94-95 (agreeing that the funds were approved but challenging "delays and unreasonable demands" and complaining that the approval was not issued until after he filed this lawsuit). *See Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 160-61 (2016) ("If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot.").

With respect to the alleged delay in receiving the $24,000, the complaint does not state a claim on which relief can be granted. Even assuming he was *entitled* to the $24,000—which the Court need not and does not decide—the fact that it took City agencies some time to process his application and disburse the funds to his landlord does not state a claim on which relief can be granted. With respect to procedural due process, which is pled as Count 1, "[t]o establish its procedural due process claim, [Plaintiff] must show: (1) that [he] had a protected property interest; (2) of which the City deprived [him]; (3) without due process of law." *Rockville Cars, LLC v. City of Rockville, Maryland*, 891 F.3d 141, 146 (4th Cir. 2018). Here, the payment was made, so there was no *deprivation* of a property interest. And his equal protection claim requires Plaintiff to allege that he was "'treated differently from others with whom [he was] similarly situated and that the unequal treatment was the result of intentional or

purposeful discrimination.'" *Martin v. Duffy*, 858 F.3d 239, 252 (4th Cir. 2017) (quoting *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001)). None of the factual allegations state such a claim. The complaint also does not come close to alleging facts that would make out a claim for breach of contract (count 3), civil fraud (count 4), the federal Fair Housing Act (count 5), or the Maryland Fair Housing Act (count 6).

That leaves Mr. Gakuba's apparent claim that he should have received *more* than the $24,000 in emergency rental assistance. *See* ECF No. 48 ¶ 106. Out of the gate, that claim fails because it was not asserted in his complaint, but rather in his brief in opposition to the motion to dismiss. "It is well-established that parties cannot amend their complaints through briefing or oral advocacy." *Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013). But it also fails to state a claim on which relief can be granted. With respect to procedural due process, although in some sense he adequately claims a "deprivation" of property, he has not pled any basis from which the Court could conclude that he had a "protected property interest" in the constitutional sense in receiving additional emergency rental assistance. And insofar as he considers himself to be seeking such funds through his counts other than Count 1, those counts do not state claims on which relief can be granted for the same reasons as those stated above.

## IV.   CONCLUSION AND ORDER

For the foregoing reasons, it is hereby ORDERED as follows:

1. The Motion (ECF No. 38) is GRANTED;
2. The complaint is DISMISSED with prejudice;
3. The motion for fee-free PACER access (ECF No. 45) is DENIED as MOOT;

4. The Clerk is directed to MAIL a copy of the foregoing memorandum opinion and order to Plaintiff; and

5. The Clerk is directed to CLOSE the case.

Date: August 18, 2025

*/s/*
Adam B. Abelson
United States District Judge